Daniel A. Gibalevich, Esq., SBN: 217116
Rachel E. Fishenfeld, Esq., SBN: 270310
Ashley G. Soto, Esq., SBN: 303318
**DAG LAW FIRM, APC**
12711 Ventura Blvd, Suite 220
Studio City, California 91604
Telephone:   (323) 930-2020
Facsimile:   (323) 930-2225
rachel@daglawapc.com

Attorneys for Plaintiff, HERMAN EDWARDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN EDWARDS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, a Governmental Entity; EDWARD VIGARE, an individual; and DOES 1 through 50,<br><br>  Defendant(s). | CASE NO.: 2:21-cv-3998<br><br>**COMPLAINT FOR DAMAGES FROM PERSONAL INJURIES BASED UPON 28 U.S.C. §2674:**<br>**1) NEGLIGENCE**<br>**2) MOTOR VEHICLE** |

TO THE COURT AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

COMES NOW PLAINTIFF HERMAN EDWARDS and complains of the defendants named herein, and each of them, as follows:

### JURISDICTIONAL ALLEGATION

1. Jurisdiction is based on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b)(2) because a substantial part of the events giving rise to this claimed occurred in said district.

1
PLAINTIFF'S COMPLAINT

**PARTIES**

3. At all times relevant hereto Plaintiff, Herman Edwards, was a resident of Los Angeles County, California.

4. At all times relevant hereto, the events leading up to this claim were caused by a Defendant who was driving a United States Immigration and Customs Enforcement vehicle. The United States of America is the proper Defendant in lieu of the United States Immigration and Customs Enforcement.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5. At or about 3:45 p.m. on October 22, 2020, Plaintiff, Herman Edwards, was driving his vehicle on Compton Avenue near 118th Street in the City of Los Angeles.

6. Defendant, Edward Vigare, was driving a United States Immigration and Customs Enforcement vehicle at the time of the incident. Defendants owned and operated a motor vehicle in such a negligence, reckless, and dangerous manner that Defendants' vehicle collided with Plaintiff's vehicle, causing serious bodily injury and damage to Plaintiff.

7. The collision resulted in injuries including but not limited to Plaintiff's spine, bilateral shoulders, and bilateral knees.

8. Plaintiff timely complied with 28 U.S.C. §240(b)1 by serving the United States Postal Service with Standard Form 95 on October 30, 2020. No response was received from the United States Immigration and Customs Enforcement.

**STATUTORY BASES OF LIABILITY AGAINST THE UNITED STATES OF AMERICA**

9. This case is brought against the United States of America pursuant to 28 U.S.C. § *2671 et seq.*, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §2674 because the personal injuries and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Immigration and Customs Enforcement. These employees were

acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

## FIRST CAUSE OF ACTION
### (FOR NEGLIGENCE AGAINST ALL DEFENDANTS)

10. At or about and prior to said time and place, Defendants, and each of them owned and operated a motor vehicle in such a negligent, reckless, and dangerous manner that Defendants collided with the Plaintiff's motor vehicle causing serious bodily injury and damage to the Plaintiff.

11. As a sole, direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained property damage stated herein.

12. As a further sole, direct and proximate result of the accident herein, Plaintiff was required to obtain medical care and attention.

## SECOND CAUSE OF ACTION
### (MOTOR VEHICLE AGAINST ALL DEFENDANTS)

13. Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were negligent. The acts were the legal and proximate causes of injuries and damages to Plaintiff. The acts occurred on October 22, 2020 at the intersection of Compton Avenue and East 118th Street in the City of Los Angeles.

14. Defendant United States of America owned the motor vehicle involved in the incident and employed Defendant Edward Vigare who operated the motor vehicle in the course of his employment.and

15. Defendant United States of America entrusted the motor vehicle to Defendant Edward Vigare.

16. Defendant Edward Vigare operated the motor vehicle at the time of the incident.

17. As a sole, direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained personal injuries and property damage stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Entry of judgment in favor of Plaintiff against Defendants on all counts;
2. Aware of compensatory damages adequate to compensate Plaintiff.
3. Granting such other and further relief as the Court deems just and proper.

DATED: May 12, 2021                              DAG LAW FIRM, APC

By: _____
Daniel A. Gibalevich, Esq.
Rachel E. Fishenfeld, Esq.
Attorneys for Plaintiff, HERMAN EDWARDS